**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| In re: | Case No. 2:18-bk-20103 |
| | Chapter 13 |
| **Irmlinde Nelson,** | |
| | **Chief Judge Tracey N. Wise** |
| *Debtor*. | |

**BB&T'S RESPONSE TO DEBTOR'S OBJECTION (DOC #74) TO CLAIM #5**

Debtor's Objection to Claim #5, the claim of creditor Branch Banking and Trust Company, successor by merger to The Bank of Kentucky, Inc. ("BB&T") should be overruled. It is important to note that BB&T has filed three separate claims (by different counsel) regarding different debts owed by Debtor BB&T, and Debtor is only objecting to Claim No. 5 (not Claim Nos. 1 and 2).

Although BB&T "bears the ultimate burden of persuasion, that burden is satisfied by the timely filing a proof of claim[A1]. According to Federal Rule 3001(f), "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."[1] Furthermore, a party objecting to a proof of claim "must produce evidence rebutting the claimant, or the claimant will prevail."[2] More specifically, "[u]pon the filing of an objection, the objecting party must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim."[3] If a debtor accomplishes this, the burden then reverts to the claimant to prove the claim's validity by a preponderance of the evidence.[4]

---

[1] See Fed. Rule 3001(f).
[2] *In re WHET, Inc.,* 33 B.R. 424, 437 (Bkrtcy.D.Mass.1983).
[3] *Id.*
[4] *In re Consol. Pioneer Mortg.*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

In the present case, Debtor has failed to produce any evidence that defeats Claim No. 5. Instead, she made a legal argument that does not relate to the adequacy or correctness of the proof of claim. As such, she has failed to meet her burden, and her objections should be overruled.

The essence of Debtor's argument is that post-petition, she sold collateral with the Court's permission, and some of the proceeds were used to reduce the debt on Claim No. 5. Even assuming that all of the Debtor's arguments are true, though, her argument does not change the proof of claim. The proof of claim is a reflection of her debt on a specific date—the date the petition was filed—and post-petition payments cannot retroactively change the amount of debt on the petition date. As explained below, though, BB&T acknowledges that Debtor is entitled to a credit towards the debt, and it is not trying to recover more than it is entitled to receive.

There is no dispute with respect to the following:

1. BB&T timely filed its proof of Claim (Claim No. 5);

2. The proof of claim requires the creditor to identify, under penalty of perjury, the amount of debt owed by the debtor *on the date of the petition*;

3. On the petition date, Debtor owed BB&T the total sum of $287,022.37 for the debt reflected on Claim No. 5 (which does not include the debt associated with Claim Nos. 1 & 2);

4. Since filing the petition, Debtor has sold collateral with the Court's permission, and some of the proceeds from the sale of that collateral have reduced the debt owed to BB&T on Claim No. 5; and

5. Debtor is entitled to a credit (to the extent of payments received by BB&T) towards the debt associated with Claim No. 5.

However, the debt associated with Claim No. 5 has not been satisfied. Claim No. 5 is for $287,022.37. Since the petition date, BB&T has received the total sum of $262,283.07,[5] leaving a balance due of $24.739.30 (not including accrued but unpaid interest or attorneys' fees since the

---

[5] Debtor's objection states that Debtor has paid $258,283.00 to BB&T, not including the sale of Nelson's Tent's UCC collateral. BB&T received $4,000.00 from the sale of the UCC collateral, for a total of $262,283.07.

petition date). Notwithstanding her objection, Debtor has failed to articulate how Claim No. 5 has been satisfied; indeed, it is mathematically impossible, given that the post-petition payments are less than the face amount of the claim.

Debtor's second argument—that the attorney fees, accrued interest, and court costs from the state court foreclosure case or otherwise should not be included in Claim No. 5—should also be denied, because those expenses are expressly provided for in the February 7, 2017 judgment and decree in foreclosure that the BB&T obtained against Debtor in the Commonwealth of Kentucky, Campbell Circuit Court, Civil Action No. 16-CI-725, Division II (the "Judgment").

After Debtor's obligations to BB&T matured and were in default, BB&T reduced Debtor's debt and mortgages to Judgment (a copy of the Judgment was attached to Claim No. 5). In a similar case, the Bankruptcy Court for the Eastern District of Kentucky was tasked with making a determination as to the dischargeability of a certain debt evidenced by a state court's default judgment, and the Bankruptcy Court followed the Sixth Circuit's 1997 decision in *Calvert*.[6] The *Calvert* Court held, among other things, that "[i]f … a Kentucky state court would accord the judgment preclusive effect, then federal courts must give that judgment preclusive effect unless Congress has expressly or impliedly created an exception to prevent the application of the Full Faith and Credit Statute."[7] As the Sixth Circuit made clear in *Calvert* (and the *Murphy* Court later reinforced), "nothing in the Bankruptcy Code or the extensive legislative history suggests that Congress intended to exclude default judgments obtained in state court from the applicability of the Full Faith and Credit Statute in dischargeability proceedings in bankruptcy court."[8]

---

[6] *In re Murphy*, 471 B.R. 190, 192 (W.D. Ky. Bankr. 2012)
[7] *In re Calvert*, 105 F.3d 315, 318 (6th Cir. 1997).
[8] *In re Murphy*, 471 B.R. at 193; *In re Calvert*, 105 F.3d at 321.

Moreover, the Judgment is not a default judgment. Instead, it is a judgment on the merits (an Order and Entry Granting BB&T's Motion for Summary Judgment), and Debtor was represented by counsel in the state court action. Since the Sixth Circuit is clearly recognizing default judgment as being protected under the Full Faith and Credit Statute, a judgment on the merits is clearly entitled to the full faith and credit as well. As such, the Judgment is entitled to full faith and credit under Article IV, Section 1 of the United States Constitution.

In the state court Judgment, the Court expressly awarded BB&T is attorney fees in paragraphs 32 & 33, and ordered that Debtor "reimburse BB&T for all of its attorneys' fees in the event of a breach."[9] Likewise, the state court entered Judgment against Debtor and in favor of BB&T for all "court costs and charges until paid in full," which of course includes the Master Commissioner fees and all the expenses that BB&T has incurred.

Lastly, Debtor has failed to articulate how BB&T's secured claim (derived from mortgages that Debtor voluntarily conveyed to BB&T) should be treated as an unsecured claim when there is more than sufficient equity in the collateral. Given the fact that Debtor made the statement at the end of her objection (almost in passing), it appears Debtor herself does not believe the argument is correct. In any event, BB&T is still a secured creditor with an unsatisfied and unpaid debt that Debtor is obligated to pay.

In summary, Debtor has failed to produce any evidence that defeats Claim No. 5. As such, she has failed to meet her burden, and her objections should be overruled.

---

[9] See paragraph 32 of the Judgment, attached to Claim No. 5.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba (95203)
Stagnaro, Saba & Patterson Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2703
(513) 533-2713 (facsimile)
pts@sspfir.com
*Attorneys for Branch Banking and Trust Company, successor by merger to The Bank of Kentucky, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2019, a copy of the foregoing Response to Claim Objection was filed electronically and notice of this filing will be sent through the Courts Electronic Case Filing System to all parties having made an appearance as of this date, including (but not limited to):

- U.S. Trustee
- Beverly M. Burden, Trustee
- L. Craig Kendrick, Attorney for Debtor
- Amy Gardner, Attorney for Bank of America, N.A.

*/s/ Paul T. Saba, Esq.*
Paul T. Saba (95203)

I further certify that a true and accurate copy of the foregoing Response to Claim Objection was transmitted to the following via regular U.S. mail, postage pre-paid:

Irmlinde Nelson, Debtor
12006 Flagg Springs Pike
California, KY 41007

*/s/ Paul T. Saba, Esq.*
Paul T. Saba (95203)